Mr. Chief Justice ShaRKey
delivered the opinion of the court.
One Brown, in his lifetime, instituted this suit, declaring in indebitatus assumpsit for work and labor, against Wooten, the plaintiff in error. Pending the action, Brówn died, and the suit was revived in the name of Reed, the administrator. On the trialj it was proved that Wooten and Brown entered into a special contract, by> which Brown agreed to furnish the materials, and build for Wooten, a good double log-cabin. After having worked some time iri getting the materials, and preparing them for the building, he declared that he would abandon the work, and did so before it was half finished. Wooten employed other mechanics, and gave them the same price he had agreed to give Brown, and they finished the house, using the materials which Brown had prepared.
On this state of the evidence, the counsel for the defendant in the court below, requested the court to charge the jury that if Brown had agreed with the defendant to furnish materials and build the house, for three hundred dollars, and had voluntarily abandoned the contract and failed to perform it, he is not entitled to recover in this action, which charge the court refused to give.
In this the court erred. The rVitness stated that the parties made a special contract, and called on him to witness it; by this contract, Brown agreed to build for Wooten, a house of a particular description, and find the materials, for which Wooten agreed to pay him three hundred dollars. This was a special agreement. The one was to do a particular thing and furnish the materials for the work, for which the other was to pay a certain sum. The case at bar is not distinguishable from the case of Jennings v. Camp, 13 Johns. R. 94, in which it was held that if parties enter into a special contract, by which one agrees to do certain labor, and the other agrees to pay a certain sum, the laborer cannot abandon the work before it is completed, and recover for what he has done, in indebitatus assumpsit. The case of Lantry v. Parks, 8 Cowen, 63, is also a precedent in point. The performance of the work constituted a condition precedent to the plaintiff’s right to recover, the contract being *589 entire. The work was abándoned against the consent of Wooten, who gave the same price to ^other workmen to complete it. Where there has been a special contract, the common counts cannot be resorted to, unless the contract has been completed, and nothing remains to be done but to pay money. Nor can the plaintiff recover on the special contract, because that was abandoned. 2 Phillips’s Evidence, 108.
For the plaintiff in error it is contended that he was entitled to compensation for his materials. This seems reasonable, but the evidence does not show whether Wooten had any agency in appropriating the materials, or any knowledge that they had been used. It is said they were used by the mechanics who completed the job. If they took upon themselves to use the materials, without Wooten’s consent or direction, the responsibility may rest on them.
Judgment reversed, and a new trial granted.